DAUKSCH, Judge.
The owners of a full service garage and gas station located in the City of Edge-water brought an action against the city seeking damages for negligence and for deprivation of constitutionally protected rights to due process and equal protection under 42 U.S.C. § 1983. Appellees also sought damages for negligence from Edge-water’s chief of police. The court entered final judgment pursuant to the jury's verdict in favor of appellees on all counts. We reverse.
In charging the jury with respect to appellees’ claims against the city, the court gave only the following instruction:
Now, the issue for your determination on the claim of the plaintiffs against the City of Edgewater are whether the City of Edgewater by and through the police chief Earl Baugh or the Building Inspector, Charles Murphy, violated any of the plaintiffs’ constitutional rights and, if so, whether such action was a legal cause of damage sustained by the plaintiffs.
This instruction was erroneous because it authorized the jury to find the city liable under section 1983 solely on the basis of its employee’s conduct. In Monell v. Depart *55 ment of Social Services of the City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978), the United States Supreme Court established that local governments may not be held liable pursuant to section 1983 on the basis of respondeat superior:
We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government’s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.
We note that a municipality may be liable under section 1983 for its continuing failure to remedy known unconstitutional conduct of its officers[1] but the court did not so charge the jury in the instant case.
The court’s instruction also failed to adequately charge the jury on the requisite elements of appellees’ action against the city for negligence. The instruction did not require the jury to find that appellees had proved any of the elements of negligence. Without instructing the jury that appellees were required to establish that the city breached some duty it owed to appellees which was the proximate cause of damages to them, the jury had no criteria on which to base a finding of negligence on the part of the city.
With respect to appellees’ action against the Chief of Police Baugh, appel-lees’ second amended complaint sought damages for injuries sustained as a result of Chief Baugh’s negligent acts, and the verdict form asked the jury to determine whether there was negligence on the part of appellant Baugh. However, while appel-lees’ evidence perhaps demonstrated Baugh’s commission of intentional torts, it did not establish the elements of negligence. Therefore, the court below erred in failing to direct a verdict in favor of appellant Baugh.
For the reasons expressed, the final judgment is reversed. The cause is remanded to the trial court for entry of final judgment in favor of appellant Baugh and for a new trial of appellees’ claim against the City of Edgewater.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.

. See Bennett v. City of Slidell, 728 F.2d 762 (5th Cir.1984), cert. den., — U.S. -, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); Herrera v. Valentine, 653 F.2d 1220 (8th Cir.1981); Turpin v. Mailet, 619 F.2d 196 (2d Cir.1980), cert. den., 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980).